IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CURTIS B. PEARSON MUSIC )
COMPANY, CURTIS B. PEARSON )
and ROBERT C. PEARSON, )
                Plaintiffs, )
v. ) 1:04CV378
)
McFADYEN MUSIC, INC., BROOK )
MAYS MUSIC COMPANY, and )
WILLIAM S. EVERITT, )
                Defendants. )

## ORDER

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction and to Compel Discovery [Document #38], and Defendant William Everitt's Motion to Consolidate [Document #48].

In their Motion for a Preliminary Injunction and to Compel Discovery, Plaintiffs seek a preliminary injunction "to prevent transfer or encumbrance of assets, which would make a judgment in this action ineffectual." Plaintiffs also seek an order compelling Defendant Everitt to provide discovery responses regarding his net assets and liabilities. However, in response, Defendant Everitt contends that the Motion to Compel is moot because the requested information has been or will be produced, and Defendant Everitt further contends that an injunction is unwarranted and unsupported. Defendant Everitt has also filed an affidavit declaring that he has not and will not dissipate, convey or transfer assets to render a judgment ineffectual. Plaintiffs have accepted these assertions and have determined that

Defendant Everitt has sufficient assets to satisfy a judgment in this case. (See Plaintiffs' Response [Document #51] at 3-4.) Therefore, the Court concludes that Plaintiffs' Motion for Preliminary Injunction and Motion to Compel Discovery [Document #38] will be denied as moot.

With respect to Defendant's Motion to Consolidate in the present case, Defendant Everitt seeks by that motion to consolidate this action with a separate action that was recently filed against him by Plaintiffs Curtis B. Pearson and Robert C. Pearson in this Court, which is designated as Case Number 1:06CV1050. In support of his Motion to Consolidate, Defendant Everitt contends that he will potentially be exposed to two trials and possible inconsistent verdicts if both suits are allowed to go forward separately. However, Plaintiffs object to the consolidation and note that the present action is on the Court's January 2007 trial calendar, with the trial scheduled to begin in a few weeks.

Under Federal Rule of Civil Procedure 42, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." In the present case, the Court has considered the contentions of the parties and concludes that consolidation of these cases would result in unwarranted delay of the trial in the present case. The Court has resolved numerous pre-trial motions in this case, and consolidation at this stage would result in undue delay with no resulting convenience or

economy in judicial administration. Moreover, Defendant Everitt's concerns regarding potentially duplicative claims can be addressed under established principles of res judicata as appropriate. Therefore, the Court in its discretion declines to consolidate these cases at this stage in the proceedings.

IT IS THEREFORE ORDERED that Defendant Everitt's Motion to Consolidate [Document #48] is DENIED, and Plaintiffs' Motion for Preliminary Injunction and to Compel Discovery [Document #38] is DENIED AS MOOT.

This, the 3 day of January, 2007.

United States District Judge